**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NO. 3:26-CV-_____**

| | | |
|---|---|---|
| **FRANK M. HAYNIE and DOCWILD LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NOTICE OF REMOVAL** |
| **TRUST FINANCIAL CORPORATION, TRUIST BANK, and JANE DOE, individually and as Branch Manager,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Truist Bank and Truist Financial Corporation, (collectively, "Truist"), appearing specially and reserving its right to compel arbitration, gives notice of the removal of this action, filed by Plaintiffs, Frank Haynie ("Mr. Haynie") and DocWild LLC ("DocWild") (collectively, "Plaintiffs"), from the Court of Common Pleas of Richland County, South Carolina as Case No. 2026-CP-40-004600, to the United States District Court for the District of South Carolina, Columbia Division. A copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A** and referenced herein.

In support of this notice of removal, Truist states as follows:

## I. INTRODUCTION

1. Plaintiffs commenced this action by filing a complaint ("Complaint") against Truist in the Court of Common Pleas of Richland County, South Carolina as Case No. 2026-CP-40-004600, on July 2, 2026.

2. Truist was then served with the Complaint on July 21, 2026.

3. In the Complaint, Plaintiffs allege third parties made several unauthorized Zelle transfers from their Truist accounts (Compl., ¶¶ 12-36) and that they sustained damages resulting from the alleged hacking attacks, including damages alleged to be in excess of $2,000,000 (Compl., *ad damnum*, ¶ 74).

4. Plaintiffs assert claims of Negligence (Counts 1 2, 5, and 6), Violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (Count 3), Breach of Contract (Count 4), and "Individual Liability" against a Jane Doe defendant (Count 7).

## II. <u>TECHNICAL REQUIREMENTS OF REMOVAL</u>

5. Plaintiffs filed this action in the Court of Common Pleas of Richland County, South Carolina as Case No. 2026-CP-40-004600, on July 2, 2026 ("State Court Action"). (*See* Ex. A.)

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

7. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. The United States District Court for the District of South Carolina, Columbia Division, is the federal judicial district and division embracing the Court of Common Pleas in and for Richland County, South Carolina, where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 121(2) and § 1441(a).

8. Moreover, as discussed more fully below, this Court has original jurisdiction based federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, and on diversity jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, Plaintiff and Truist are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III. FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

9. This case is properly removable pursuant to 28 U.S.C. § 1331 because this civil action, at least in part, "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. Plaintiffs' purported third cause of action is a Violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, as well as Regulation E, 12 C.F.R. Part 1005. *See* (Compl., ¶ 51-55).

11. Thus, this case arises under the laws of the United States.

12. To the extent necessary, Truist respectfully prays that this Court exercise supplemental jurisdiction over Plaintiffs' remaining state-law based claims pursuant to 28 U.S.C. § 1367(a), as such claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

## IV. DIVERSITY JURISDICTION

13. This case is also properly removable pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. *See* 28 U.S.C. § 1332.

### A. Plaintiffs are Completely Diverse from Truist.

14. Complete diversity exists between Plaintiffs and Defendants.

15. Haynie alleges he is a resident of Richland County, South Carolina. (*See* Compl. at ¶ 1.)

16. Upon information and belief, DocWild LLC is no longer in existence. Instead, DocWild, Inc. is the successor entity to DocWild LLC. *See* **Exhibit B** (South Carolina Secretary of State Business Entity Search). Upon information and belief, DocWild, Inc. is a corporation

organized and existing under the laws of the State of South Carolina with its principal place of business located in the State of South Carolina. *See* 28 U.S.C. § 1332(c)(1).

17. Truist Bank is a state-chartered bank organized under the laws of North Carolina. Truist was formed on December 7, 2019, by the merger of SunTrust Bank into Branch Banking and Trust Company, following which the surviving entity changed its name to Truist Bank. Truist's headquarters and principal place of business are located in Charlotte, North Carolina. Thus, Truist Bank is a citizen of North Carolina and therefore, is not a citizen of the State of South Carolina. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance…"); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (stating that state-chartered banks are considered corporations under 28 U.S.C. § 1332(c)(1)).

18. Truist Financial Corporation is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in Charlotte, North Carolina. Therefore, Truist Financial Corporation is likewise a citizen of North Carolina and therefore, is not a citizen of the State of South Carolina.

19. Plaintiffs also sued a "Jane Doe" defendant. Under § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Est. of Baker by & through Baker v. Wal-Mart Stores, Inc.*, Case No. 8:23-cv-02091-HMH, 2023 WL 4578563, at *2 (D.S.C. July 18, 2023) ("This statutory language is clear and unambiguous. Thus, because the store manager was fictitiously named in the complaint, the court cannot consider Defendant John Doe's citizenship in deciding whether removal was proper.").

20. Therefore, complete diversity of citizenship exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00.**

21. Removal is also proper because the amount in controversy on the face of the Complaint exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs.

22. In the Complaint, Plaintiffs pray for actual damages in excess of $2,000,000. (Compl., *ad damnum,* ¶ 74).

23. In addition, Plaintiffs also seek an award of punitive damages on their claims against Truist as allowed by law. (*See id*.) Plaintiffs' "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Com. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999); *see also Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) ("request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial"); *Hermanson v. Bi-Lo*, LLC, No. 3:20-CV-03956-JMC, 2021 WL 4147113, at *3 (D.S.C. Aug. 31, 2021) (same).

24. Accordingly, the allegations establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this case is properly removable because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## V. OTHER REQUIREMENTS FOR REMOVAL

25. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A**.

26. Promptly after the filing of this Notice of Removal, Truist will provide Plaintiffs with written notice of the filing of this Notice of Removal as required under 28 U.S.C. § 1446(d). Further, Truist will file a Notice of Filing Notice of Removal timely with the Clerk for the Court of Common Pleas of Richland County, South Carolina, where the action was pending.

27. The proper filing fee has been tendered to the Clerk of the United States District Court for the District of South Carolina.

28. All prerequisites for removal have been met.

## VI. ADOPTION AND RESERVATION OF DEFENSES

29. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Truist's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitration of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Truist requests that this Court take cognizance and jurisdiction of this cause and enter any and all Orders necessary to effectuate the removal of this cause to this Honorable Court.

Respectfully submitted, this 20th day of August, 2026.

*/s/ G. Wade Leach, III*
G. Wade Leach, III (Fed. ID No. 13412)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
PO Box 11390 (29211)
Columbia, South Carolina
T: (803) 753-3256

F: (803) 933-1438
Email: wleach@burr.com
*Attorney for Defendants*
TRUIST BANK AND TRUIST FINANCIAL CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** will be served on the following parties at the address indicated below by US Mail, postage prepaid:

Frank M. Haynie
1469 Florawood Drive
Columbia, SC 29204

DocWild, Inc. f/k/a DocWild's LLC
c/o Registered Agent Frank M. Haynie
1469 Florawood Drive
Columbia, SC 29204

*/s/ G. Wade Leach, III*
G. Wade Leach, III (Fed. ID No. 13412)