UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Frank M. Haynie, Docwild, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Truist Financial Corp., Truist Bank, Demetria Scott, Early Warning Services, LLC,<br><br>Defendants. | ) | C/A No. 3:26-cv-03590-RMG-WSB<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Frank M. Haynie ("Haynie"), proceeding *pro se*, and Plaintiff Docwild, LLC, bring this civil action against the above-named Defendants. This matter is before the Court on Haynie's Motion to Remand to State Court.[1] ECF No. 13. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district judge. For the reasons below, Haynie's Motion to Remand should be denied.

## BACKGROUND

On July 2, 2026, Plaintiffs filed the Complaint in the Richland County Court of Common Pleas (hereinafter "the State Court") at case number 2026-CP-40-04600. ECF No. 1-1 at 9. On July 21, 2026, Defendants Truist Financial Corporation and Truist Bank (collectively "Truist") received service of the Complaint and Summons. ECF No. 1 at 1. On August 20, 2026, Truist

[1] In the alternative, Haynie requests an extension of time to comply with the deadlines in this Court's August 24, 2026, Order (ECF No. 9). ECF No. 13 at 5–6. However, that alternative request was already addressed in a separate Order. ECF No. 21.

removed this matter to this Court under both federal question and diversity jurisdiction. ECF No. 1 at 3. Truist also filed a Certificate of Service indicating that they would serve the Notice of Removal on both Plaintiffs. *Id.* at 8. On August 21, 2026, Truist filed the Notice of Removal with the State Court, and there are no further filings on the State Court's docket for this matter. *See* Richland County Fifth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (enter case number 2026-CP-40-04600) (last visited Sept. 29, 2026). On September 8, 2026, Haynie filed a Motion to Remand to State Court. ECF No. 13.

## <u>STANDARD OF REVIEW</u>

**Review and Liberal Construction of *Pro Se* Filings**

As a *pro se* litigant, Haynie's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The Court's duty to liberally construe a *pro se* litigant's pleadings does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Court has the inherent authority to review *pro se* pleadings to ensure that subject matter jurisdiction exists and that the case is not frivolous, even when the pleadings are not subject to the prescreening provisions of 28 U.S.C. § 1915 as in this case. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of

this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid ... [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.").

**Removal**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The general statute governing removal of state court actions to federal court provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Thus, a defendant in a state court case may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. The defendant seeking removal has the burden of establishing federal court jurisdiction. *Scott v. Cricket Comm., LLC*, 865 F.3d 189, 194 (4th Cir. 2017).

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c), (d). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is absent. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

**ANALYSIS**

Haynie argues that remand is appropriate because Haynie received an Order from this Court (ECF No. 9) before receiving Defendant's Notice of Removal, which had a postage date of August 21, 2026. ECF No. 13 at 2. Haynie further argues that Haynie filed "an amendment" with the State Court on August 26, 2026, which "should be given effect ...." *Id.* at 3, 5. Truist argues that they did provide timely notice of removal. ECF No. 24 at 5–6.

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Id.* (internal quotation marks and citations omitted). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* To determine whether subject matter jurisdiction exists under § 1331, the Court must first determine "whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151.

Here, Plaintiffs' Complaint and Amended Complaint clearly state a claim under the Electric Fund Transfer Act, 15 U.S.C. §1693 *et seq.* ECF Nos. 1-1 at 21–22, 27; 25 at 10, 13. Further, this Court can exercise supplemental jurisdiction to decide Plaintiff's state law claims

under 28 U.S.C. § 1367(a) because Plaintiff's "state and federal claims ... derive from a common nucleus of operative fact.'" *See Funderburk v. S.C. Elec. & Gas Co.*, 406 F. Supp. 3d 527, 533–34 (D.S.C. 2019) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).[2]

To remove to federal court, a defendant must file "a notice of removal containing a short and plain statement of grounds for removal" within 30 days after service is completed and "[p]romptly ... give written notice thereof to all adverse parties ...." 28 U.S.C. § 1446(a), (d). Section 1446 does not define "promptly," "but courts have found that in the context of § 1446(d), "promptly" does not mean "simultaneously." *Reed v. Freiberger Lebensmittel GmbH & Co.*, C.A. No. 2:25-cv-03505-RMG, 2025 WL 3053147, at *1 (D.S.C. July 16, 2025) (citing *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005)), *appeal dismissed sub nom. Reed v. Freiberger Lebensmittel GmbH & Co.*, No. 25-2250, 2025 WL 4689480 (4th Cir. Dec. 19, 2025).

In the Notice of Removal, Truist states that they were served with the State Court summons and complaint on July 21, 2026. ECF No. 1 at 1. Haynie does not dispute this service date. ECF No. 13. Truist filed the Notice of Removal with this Court on Thursday, August 20, 2026, within the statutory 30 days required by 28 U.S.C. § 1446. ECF No. 1. On Friday, August 21, 2026, Truist filed the notice of removal in the State Court and served Plaintiffs by mail with a postage date of August 21, 2026. ECF No. 13 at 2; Richland County Fifth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (enter case number 2026-CP-40-04600) (last visited Sept. 29, 2026). While Haynie claims to have filed a motion in the State Court action on August 26, 2026, there is nothing on the State Court docket to

[2] Defendants also brought this action under diversity jurisdiction. ECF No. 1 at 3. However, because the Court has federal question jurisdiction over this matter, the Court need not address this basis for jurisdiction.

suggest that any action took place in the State Court between the filing of the Notice of Removal in this Court and the filing of the notice of removal with the State Court. *See id.* Truist mailed both the federal and state filings to Plaintiffs, which is in accordance with Local Civil Rule 5.05 (D.S.C). Plaintiffs received Truist's mailing with a printed postage date of August 21, 2026. ECF No. 13 at 2. Accordingly, the undersigned finds that Truist "promptly" served written notice of the removal. *See Reed*, 2025 WL 3053147, at *2 (denying a motion to remand based on timeliness of notice where the defendant removed the case on a Friday, filed the removal in state court on the following Monday, and served the notices the same day).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DENY** Haynie's Motion to Remand to State Court. ECF No. 13.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

September 30, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).